**Thomas S. DODGE, Plaintiff,**

v.

**SUSQUEHANNA UNIVERSITY, Defendant.**

No. CV–90–2008.

United States District Court, M.D. Pennsylvania.

March 13, 1992.

Charles R. Gerow, Mechanicsburg, Pa., Robert E. Kelly, Jr., Cletus C. Hess, Duane, Morris & Heckscher, Harrisburg, Pa., for plaintiff.

Elizabeth M. Stanton, Moots, Cope & Stanton, Columbus, Ohio, John A. Carpenter, Carpenter, Diehl, Kivko & Wilkison, Sunbury, Pa., for defendant.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

Plaintiff Thomas S. Dodge alleges in this ADEA action[1] that he was discharged from his employment as business manager at Susquehanna University ("the University") because of his age. 29 U.S.C. § 623(a)(1). Dodge left the University's employ on November 19, 1989. His departure was preceded by a discussion which took place on November 16, 1989, between Dodge and his supervisor, Donald Aungst, about perceived short-comings in his performance and the need for improvement. Plaintiff alleges that the purported shortcomings are a pretext for discriminatory motives and seeks compensatory as well as liquidated damages pursuant to 29 U.S.C. § 626(b).

In its defense, the University contends that: (1) Dodge was not discharged but retired of his own volition; (2) Dodge has failed to establish a *prima facie* case of discrimination; (3) Dodge has produced no direct evidence of discrimination; and (4)

---

1. The Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 (1988) ("ADEA").

the University has articulated legitimate, non-discriminatory reasons for its conduct.

Before the court are: (1) a motion (Record Document No. 22) for summary judgment filed by the defendant February 7, 1992, and (2) a motion (Record Document No. 34) for partial summary judgment filed March 6, 1992 by plaintiff. Defendant's motion will be granted. Plaintiff's motion will be denied as moot.

*Motion for summary judgment standard*

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.*" Fed. R.Civ.P. 56(c) (Emphasis supplied).

... [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

The moving party bears the initial responsibility of stating the basis for its motions and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. He or she can discharge that burden by "showing ...

that there is an absence of evidence to support the nonmoving party's case." *Celotex, supra* at 323 and 325, 106 S.Ct. at 2552 and 2553.

Issues of fact are "genuine" only if a reasonable jury, considering the evidence presented, could find for the non-moving party. *Childers v. Joseph,* 842 F.2d 689, 694 (3d Cir.1988), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Material facts are those which will affect the outcome of the trial under governing law. *Anderson, supra,* 477 U.S. at 248, 106 S.Ct. at 2510. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Company,* 862 F.2d 56, 59 (3d Cir.1988).

*Summary judgment in discrimination actions*

The First Circuit recently analyzed the interplay between the Rule 56 standards for entry of summary judgment and the burden-shifting framework for discrimination cases adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).[2] In *Mesnick v. General Electric Co.,* 950 F.2d 816, 820–26 (1st Cir.1991), the court discussed the proof requirements necessary for the plaintiff in an ADEA action to survive a motion for summary judgment:

The plaintiff ... bears the ultimate 'burden of proving that his years were the determinative factor in his discharge, that is, that he would not have been fired but for his age.' ... (Citations omitted.)....

... The plaintiff must initially make a prima facie showing of discrimination.... (Citation omitted.) ...

The next burden—articulating a legitimate, nondiscriminatory reason for the adverse employment decision—belongs

---

**2.** Although *McDonnell Douglas* and *Burdine* were Title VII cases, their holdings apply to actions filed under the ADEA.

to the defendant ... (Citations omitted.).... Once such a reason emerges, the inference raised by the prima facie case dissolves ... and the last transfer of burdens occurs.

At the final stage, the plaintiff is required to show, unassisted by the original inference of discrimination, that the employer's proffered reason is actually a pretext for discrimination of the type alleged.... (Citations omitted.).... In assessing pretext, a court's 'focus must be on the perception of the decisionmaker,' that is, whether the employer believed its stated reason to be credible ... (Citation omitted.) ... **It is not enough for a plaintiff merely to impugn the veracity of the employer's justification; he must 'elucidate specific facts which would enable a jury to find that the reason given is not only a sham, but a sham intended to cover up the employer's real motive: age discrimination.'** ... (Citations omitted.)....

Because the resultant burden can be carried without direct proof of discrimination, requiring the plaintiff to show that the employer's reason is a pretext for age discrimination comports with the principle that a plaintiff should not be required to produce 'smoking-gun' evidence before prevailing in a discrimination suit....

... [W]hen the summary judgment record is complete, the jurisprudence of Rule 56 takes hold and the *McDonnell Douglas* burden-shifting framework must comport with the rule.... (Citation omitted.).... **If the plaintiff has failed to limn a prima facie case, the inference of discrimination never arises, and the employer's motion from summary judgment will be granted....** (Citation omitted.).... If the plaintiff has made out his prima facie case, and the employer has not offered a legitimate, nondiscriminatory reason to justify the adverse employment action, then the inference of discrimination created by the prima case persists, and the employer's attempt to secure summary judgment should be rebuffed.... (Citations omitted.).... **When the struggle has progressed to the third and final phase of burden-shifting, however, then the *McDonnell Douglas* framework falls by the wayside....**

... [T]he presumption arising from a discrimination plaintiff's prima facie case vanishes once the employer has articulated a legitimate, nondiscriminatory reason for dismissing the employee ... (Citations omitted.) ... At that juncture, **the ultimate question becomes whether, on all the evidence of record, a rational factfinder could conclude that age was a determining factor in the employer's decision** ... (Citation omitted.) ... [S]o long as the employer's proffered reason is facially adequate to constitute a legitimate, nondiscriminatory justification for the employer's actions, the trial court's focus in deciding a Rule 56 motion must be on the ultimate question, not on the artificial striations of the burden-shifting framework.

*Mesnick, supra,* 950 F.2d at 823–25 (Emphasis supplied.). Accord: *Gray v. York Newspapers, Inc.,* 957 F.2d 1070, 1078–1079 (3d Cir.1992) and *Billet v. CIGNA Corp.,* 940 F.2d 812, 815–17, 825 (3d Cir. 1991).

■ Proof of a discriminatory animus is an essential element of the plaintiff's case. The ADEA does not protect employees from harsh or unfair employment actions or mistakes but only from employment actions motivated by the person's age. It is not the role of the courts to assess the fairness or unfairness of the employer's decision but only to determine whether that decision was motivated by an illegal consideration. *Mesnick, supra,* 950 F.2d at 825. Accord: *Hawkins v. Ceco Corp.,* 883 F.2d 977 (11th Cir.1989) (Title VII case) and *Pollard v. Rea Magnet Wire Company, Inc.,* 824 F.2d 557, 560 (7th Cir. 1987), *cert. denied,* 484 U.S. 977, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987) (Title VII case). Implementing and adhering to neutral personnel policies is not discrimination. *Miller v. Yellow Freight Systems, Inc.,* 758 F.Supp. 1074, 1079 (W.D.Pa.1991) (Smith, J.) (Title VII case). In *Billet, supra,* 940 F.2d at 825, an ADEA case, the Third Cir-

cuit explained the proof requirements and the rationale for them:

> Barring discrimination, a company has the right to make business judgments on employee status, particularly when the decision involves subjective factors deemed essential to certain positions.
>
> ....
>
> A plaintiff has the burden of casting doubt on an employer's articulated reasons for an employment decision. Without some evidence to cast this doubt, this court will not interfere in an otherwise valid management decision. To require less would be to expose to litigation every management decision impacting on a protected party.

*Billet, supra,* 940 F.2d at 825 and 828.

### *Dodge*

 Dodge has presented no direct evidence of age discrimination, so this case is "governed in the first instance by the burden-shifting framework of *McDonnell Douglas.*" *Mesnick, supra,* 950 F.2d at 820. To establish a prima facie case, Dodge must demonstrate that (1) he was over the age of forty (2) his work was sufficient to meet the University's legitimate expectations, (3) the University took adverse action against him, and (4) the University sought a replacement for him with roughly equivalent job qualifications, thus revealing a continued need for the same services and skills. If established, this gives rise to an inference that the University discriminated against him on the basis of his age. *Mesnick, supra,* 950 F.2d at 823. The burden then shifts to the University to state a legitimate reason for its conduct. The defendant's burden is only one of production; the burden of persuasion at all times rests with the plaintiff. If the defendant articulates a legitimate non-discriminatory reason for the discharge, any presumption of discrimination drops from the case. *Burdine, supra,* 450 U.S. at 254–55, 101 S.Ct. at 1094–95 and *Billet, supra,* 940 F.2d at 816–17.

 The only element of plaintiff's prima facie case which is undisputed is the first. Both sides agree that plaintiff was over the age of forty when he left the University's employ. All of the other factors are contested. The University contends that Dodge's work was substandard, and had been so for quite some time; that he was not terminated, but elected to retire voluntarily; and that he was not replaced, but his work load simply allocated among other employees in the business office.

There are material issues of fact on each of the contested elements which preclude us from deciding, at summary judgment stage, whether plaintiff has established a prima facie case. The University has produced, among other things: (1) affidavits from Dodge's former co-workers and staff attesting to his inability to get along harmoniously with others, his failure to manage the office efficiently, etc.; (2) memoranda recounting what was stated at the November 16, 1989 meeting which precipitated Dodge's departure, and letters exchanged between Dodge and Aungst with each taking exception to the other's account of what was stated at the meeting and its aftermath; and (3) affidavits stating that Dodge's duties were reassigned to other University employees and that his position was eliminated. Plaintiff has countered this evidence with affidavits and documentary evidence of his own attesting to, *inter alia,* his satisfactory performance and supporting his version of the aftermath of the November 16, 1989 discussion.

We will, therefore, assume for purposes of ruling on the summary judgment motion that plaintiff has established a prima facie case,[3] which moves the case forward analytically to the third step of *McDonnell Douglas.*

> .... [I]n a case where the first two steps of the *McDonnell Douglas* pavane have been satisfactorily choreographed, **a plaintiff must offer some minimally sufficient evidence, direct or indirect,**

---

**3.** See *Billet, supra,* 940 F.2d at 816 n. 3 ("In a case ... where the plaintiff's job was eliminated and he was not replaced, to establish a *prima facie* case, he need only show that he is within the protected class, and was qualified for the job from which he was laid off while other workers not in the protected class were retained.")

both of pretext and of the employer's discriminatory animus to prevail in the face of a properly drawn Rule 56 motion.

*Mesnick, supra,* 950 F.2d at 825. Dodge has failed to present such evidence. He has not adduced any evidence, direct or indirect, that the University's conduct was motivated by age or that age was in any way a factor in the discussions which led to his departure from the University.

The closest he has come to producing such evidence are general assertions that such evidence exists, coupled with statements to the effect that discovery is still open and that he expects to have such evidence before trial commences. He has not, however, directed the court's attention to a single incident, a single remark, a single University policy, or a single shred of evidence of any kind linking the University's conduct to Dodge's age.[4] Cf. *Colgan v. Fisher Scientific Co.,* 935 F.2d 1407, 1421–23 (3d Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991). Absent such proof, it will be impossible for him to prevail at trial. See *Mesnick, supra,* 950 F.2d at 829 ("In the absence of proof sufficient to create a jury issue regarding ... [discrimination], courts should not use cases involving unsupported ... [discrimination] claims to police the wisdom, fairness, or even the rationality of an employer's business judgments."); *Gray, supra,* 957 F.2d at 1086–1087 ("York made a managerial decision which should not be second-guessed under the cover of ADEA. By creating two part-time positions ... York was able to give better service to the public.... In the absence of evidence indicating that York acted with discriminatory intent we cannot understand how this reasonable business judgment can give rise to liability under the ADEA."); and *Billet, supra,* 940 F.2d at 827 ("Overall, in light of the circumstance that there was problem after problem with ... [the plaintiff's] performance, no reasonable jury could conclude that ... [the employer's]

articulated reasons for terminating ... [the plaintiff] were pretextual.")

Plaintiff's repeated incantations that discovery is still open, and that evidence of discrimination may surface prior to trial, have no bearing on the issues. This case was filed November 16, 1990. Plaintiff has had more than one year to conduct discovery and has, during that time, adduced no evidence of discrimination. Nor has he requested the court to defer ruling on defendant's motion because discovery remains incomplete. Plaintiff's suggestion that the court should deny defendant's motion solely because he hopes such evidence will surface in the three weeks remaining before jury selection indicates that he misinterprets what is required to withstand a motion for summary judgment under the federal rules.

> Genuine issues of material fact are not the stuff of an opposing party's dreams. **On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion....** (Citation omitted.).... **This evidence 'cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial.'**

*Mesnick, supra,* 950 F.2d at 823 (Emphasis supplied.) Because plaintiff has adduced no evidence of discriminatory motives, defendant's motion will be granted. See *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

*Plaintiff's motion for partial summary judgment*

Plaintiff's motion for partial summary judgment was filed March 6, 1992. Although briefing is not yet complete, plaintiff's motion is denied as moot in view of

---

**4.** See, e.g., *Mesnick, supra,* 950 F.2d at 824 for a discussion of the type of proof which would suffice.

the disposition of defendant's motion for summary judgment.