Jack J. PARKE and Dawn E. Parke, Plaintiffs,

v.

BETHENERGY MINES, INC., and International Union, United Mine Workers of America, and District 2, UMWA, and Local 1368, UMWA, Defendants.

Civ. A. No. 89–163J.

United States District Court, W.D. Pennsylvania.

Jan. 24, 1990.

**588**

Michael A. Sossong, Ebensburg, Pa., for plaintiffs.

Joseph Mack, III, Pittsburgh, Pa., for defendant Bethenergy Mines.

Claudia Davidson, Pittsburgh, Pa., for defendants International Union and UMWA.

Melvin P. Stein, Pittsburgh, Pa., for defendants District # 2 and Local 1368.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

This labor-management relations matter was removed from the Cambria County Court of Common Pleas, and is presently before this Court on motions to dismiss filed by two of the defendants, Bethenergy Mines, Inc., and the International Union, United Mine Workers of America. As discussed below, we grant the motions in part.

Plaintiff Jack J. Parke[1] is a coal miner, and was employed as an underground coal miner/laborer by Bethenergy Mines until October 24, 1988, when Bethenergy Mines discharged him for missing two consecutive workdays allegedly without a valid excuse. Plaintiff was a member of Local 1368 of the United Mine Workers of America, a local within District 2 and part of the International Union, and was covered by a collective bargaining agreement, the National Bituminous Coal Wage Agreement of 1988, which provides, in Article XXII:

> When any employee absents himself from his work for a period of two (2) consecutive days without the consent of the employer, other than because of proven sickness, he may be discharged.

At issue in this suit are the correctness of Bethenergy Mine's discharge decision and the scope of the duty of fair representation owed to Parke by Local 1368 and District 2, UMWA, in contesting the employer's decision to discharge him.

Plaintiff's complaint asserts eight causes of action against Bethenergy Mines and a ninth against the union defendants: (1) breach of the collective bargaining agreement; (2) tortious breach of the implied covenant of good faith included in the collective bargaining agreement; (3) the tort of retaliatory discharge of plaintiff for filing worker's compensation applications; (4) violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, and the Mine Safety and Health Act, 30 U.S.C. § 815 by discriminating against him because he suffered from a physical disability as a result of his work-related injuries; (5) defamation; (6) negligent defamation; (7) the tort of intentional infliction of emotional distress; (8) the tort of negligent infliction of emotional distress; and (9) breach of the Union's duty of fair representation. Defendant Bethenergy Mines moves to dismiss counts 1–3 and 5–8 because they are preempted by the Labor–Management Relations Act, 29 U.S.C. § 185; Bethenergy Mines further moves to dismiss counts 1–8 for failure to state a claim. The International Union moves for summary judgment on count 9 arguing that the UMWA district and local, not the UMWA itself, are the proper defendants.

We dismiss counts 2, 3, 4 (in part), 7, and 8 for failure to state a claim and do not reach the preemption issue. We deny the motions to dismiss counts 1, 5 and 6. We grant summary judgment on count 9 in part and direct that the complaint be dismissed against the International Union.

---

1. Dawn E. Parke's claims, where appropriate, exist only derivatively. Where "plaintiff" or "Parke" are used herein, the reference is to Jack J. Parke.

Finally, we order that an Answer be filed by defendant Bethenergy Mines.

■ Parke alleges, in count 1, that Bethenergy Mines breached its collective bargaining agreement with the UMWA. As a member of the union, Parke is an intended third-party beneficiary of the contract and has standing to sue Bethenergy Mines pursuant to Section 301 of the LMRA for a breach of contract where there is also a claim that the union, because it breached its duty of fair representation, would not prosecute the claim on Parke's behalf. See *McGovern v. International Brotherhood of Teamsters, Local 773,* 447 F.Supp. 368 (E.D.Pa.), *aff'd* 588 F.2d 821 (3d Cir.1978). Count 9 alleges just such a breach, and the two counts together constitute a garden-variety Section 301/fair representation hybrid action. See *Vaca v. Sipes,* 386 U.S. 171, 185–187, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967). Cf. *Berda v. CBS, Inc.,* 881 F.2d 20 (3d Cir.1989) cert. denied — U.S. ——, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990) (non-Section 301 breach of contract claims).

■ Parke alleges, in count 2, that Bethenergy Mines committed a tortious breach of the implied covenant of good faith in the collective bargaining agreement. This states no cause of action, either under Pennsylvania law or under federal common law, adds nothing to count 1, and is simply an attempt to graft tort remedies onto a breach of contract.

■ In count 3, Parke alleges a wrongful discharge in violation of public policy. Without recitation of all of the progeny of *Geary v. United States Steel Corporation,* 456 Pa. 171, 319 A.2d 174 (1974), plaintiff would state a claim under the *Geary* public policy exception to at-will employment, if he were an at will employee. Since he is not, he has recourse to the remedies of the collective bargaining agreement, not this more limited doctrine. See *Phillips v. Babcock & Wilcox,* 349 Pa.Super. 351, 503 A.2d 36 (1986) allocatur denied, 514 Pa. 618, 521 A.2d 933 (1987).

■ In count 4, Parke alleges discrimination against him in violation of the PHRA and MSHA. The Mine Safety and Health Act does not confer a private right of action on plaintiff in the district court: his remedy as provided by the Act is to file a complaint with the Secretary of Labor and proceed through the Secretary or, after the Secretary has determined that no violation has occurred, to file an action with the Federal Mine Safety and Health Review Commission, with judicial review in the Courts of Appeals. 30 U.S.C. §§ 815(c)(2), (3), 816(a). The MSHA claim therefore cannot proceed in this Court. In the other portion of count 4, plaintiff does allege that he was terminated due to an illness "not related to work," Paragraph 67, which under Federal notice pleading requirements states a claim for violation of the Pennsylvania Human Relations Act, 43 P.S. 955(a).

Counts 5 and 6 allege common law defamation. We deny defendant's motions to dismiss because the federal rules of notice pleading require only that a claim be stated on which it is possible that plaintiff could prove a cause of action. If, however, the only statements, whether oral or written, alleged to have been published by the defendant consist of false accusations that plaintiff did not possess a valid excuse for missing work, it is doubtful that such statements are capable of being defamatory, as a matter of law. See *Wecht v. PG Publishing Co.,* 353 Pa.Super. 493, 510 A.2d 769 (1986), allocatur denied, 514 Pa. 632, 522 A.2d 559 (1987). Summary judgment on such grounds must await the development of a factual record, however. We deny the motion to dismiss on the grounds of privilege because on this undeveloped record defendant cannot sustain its burden, 42 Pa.C.S. § 8343(b), of proving that all statements which may have been made would be privileged as a matter of law. We deny defendant's Motion for a More Definite Statement. Defendant can frame a responsive pleading based on this complaint, and further specifics can be developed through discovery.

■ In counts 7 and 8, Parke alleges Bethenergy Mines committed the torts of intentional and negligent infliction of emotional distress. Although *Kazatsky v. King David Memorial Park,* 515 Pa. 183,

527 A.2d 988 (1987), and the interpretation it has received in the Pennsylvania Superior Court, see e.g. *Ford v. Isdaner,* 374 Pa.Super. 40, 542 A.2d 137 (1988) make it doubtful that broad interpretations of these torts such as *Bowersox v. P.H. Glatfelter Co.,* 677 F.Supp. 307 (M.D.Pa.1988) are still good law, the Third Circuit, per Judge Hutchinson, reaffirmed that intentional infliction of emotional distress may be a recognized tort in Pennsylvania, in *Williams v. Guzzardi,* 875 F.2d 46 (3d Cir.1989). We nevertheless must grant the motions to dismiss counts 7 and 8 because the allegations stated in the complaint do not satisfy the requirement of outrageousness necessary for the tort. Id. at 52. Plaintiff in count 7 and count 8 leaves no doubt that the only actions allegedly taken by Bethenergy are those of wrongfully discharging him. See Paragraphs 81, 85. Cf. Paragraphs 71, 76. To accept the argument that plaintiff states a claim on counts 7 and 8 would be to overturn settled law and to rule that every wrongful discharge also gives rise to a cause of action for the infliction of emotional distress.

■ Bethenergy Mines additionally argues that counts 5 and 6 should be dismissed as preempted by the Labor–Management Relations Act. To the extent that any alleged defamation by an employer would implicate the federal policy expressed in the LMRA, the defamation action would probably not only be preempted, but would also be negated by an employer's common law privilege. The LMRA does not preempt, however, all defamation by an employer of an employee, at least where the question of defamation does not require reference to the collective bargaining agreement. Cf. *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Because the plaintiff's claim for defamation is on its face broad enough to encompass acts by the employer completely removed from the scope of the plaintiff's employment we cannot say at this stage that it is preempt-

ed and must deny defendant's motion to dismiss on this ground.

In count 9, the International Union moves for summary judgment against plaintiff's breach of fair representation claim, citing Articles XXIII and XXIV of the collective bargaining agreement which in plaintiff's case give only defendants Local 1368 and District 2 responsibility for the filing and processing of grievances.[2] Plaintiff neither alleges in his complaint nor avers in his affidavit that any member of the International Union took part in the arbitration or grievance proceeding. Plaintiff alleges in Paragraphs 36, 90 and 91 of his complaint that the International had a duty under the collective bargaining agreement to file a grievance on his behalf, but this is disproved by the terms of the collective bargaining agreement itself. Summary judgment will be entered in favor of the International Union.

## ORDER

AND NOW, this 24th day of January, 1990, consistent with the foregoing memorandum it is

ORDERED that plaintiffs' complaint, counts 2, 3, 7, and 8 are dismissed. Count 4 is dismissed insofar as a claim is made under the Mine Safety and Health Act. Defendant Bethenergy shall file a responsive pleading within twenty (20) days. Bethenergy's Motion for a More Definite Statement is denied. It is further

ORDERED that summary judgment is entered on count 9 in favor of defendant International Union, United Mine Workers of America, and said defendant is dismissed as a party. It is further

ORDERED that ruling on Defendant's Local 1368, UMWA, and District 2, UMWA's Motion to Strike Jury Trial is deferred until the pretrial conference to be schedule in this matter. It is further

ORDERED that counsel for the remaining parties shall attend a status conference in this matter on Friday, February 23,

---

**2.** The International Union does have a role in the selection of arbitrators, Article XXIII(b), but this role is irrelevant to the allegations of plaintiff's complaint.

1990, at 9:30 A.M., 319 Washington Street, Suite 110, Johnstown, Pennsylvania.