John DOLENCE, Plaintiff,

v.

U.S. NATIONAL BANK, Defendant.

Civ. A. No. 89–249J.

United States District Court,
W.D. Pennsylvania.

Jan. 22, 1992.

Robert A. Berry, Harrisburg, Pa., for plaintiff.

James B. Brown, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

Plaintiff John Dolence (Dolence) was an employee of defendant U.S. National Bank (Bank) for twenty-eight (28) years until he was discharged as part of a reduction in force on January 11, 1988. On May 23, 1988, Dolence filed a charge with the EEOC alleging that his discharge violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. Thereafter, plaintiff filed a complaint in this Court against the Bank and its parent corporation, USBancorp, Inc.[1] alleging violation of the Act. Plaintiff also filed a complaint in the Cambria County Court of Common Pleas alleging state law causes of action. On May 28, 1991, the Court of Common Pleas dismissed plaintiff's complaint, holding *inter alia:*

> In his Complaint, Plaintiff makes allegations which can be construed as possibly giving rise to a cause of action for wrongful discharge. In paragraphs 46 and 48 of the Complaint, Plaintiff alleges that Defendant violated public policy in terminating him due to his age and "his refusal to take a discriminatory action or consent to such action being taken." A statutory remedy for age discrimination is provided by the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951, et seq.

1. This Court dismissed USBancorp, Inc. as a defendant on January 4, 1991.

In *Clay v. Advanced Computer Applications, Inc.*, 522 Pa. 86, 559 A.2d 917, 918 (1989), the Pennsylvania Supreme Court held that the Pennsylvania Human Relations Act provides a statutory remedy that "precludes assertion of a common law tort action for wrongful discharge based upon discrimination." Therefore, Plaintiffs' attempted action for wrongful discharge due to age discrimination must be dismissed since an action for wrongful discharge cannot be brought until the statutory remedy under the Act has been exhausted. Plaintiff has failed to assert the necessary exhaustion of the statutory remedy in his Complaint. Further, the discovery indicates that the Defendant had separate, plausible and legitimate reasons for discharging the Plaintiff even though public policy might be involved. See *Betz [Betts] v. Strohman Bros.*, 355 Pa.Super. 195 [512 A.2d 1280] (1986).

*Dolence v. U.S. National Bank*, Cambria County No. 1989–2116, slip opinion of May 28, 1991, at 2. Plaintiff did not appeal from this dismissal.

Before the Court is the Bank's motion for summary judgment. The Bank asserts: (1) that the issue preclusive effect of the Court of Common Pleas decision establishes as a matter of law that plaintiff was discharged for non-discriminatory reasons; (2) that plaintiff's ADEA claim is time-barred; and (3) that the defendant had legitimate non-discriminatory reasons for discharging plaintiff which entitle it to judgment as a matter of law.

Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment "... if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The requirement is that there be no "*genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). (emphasis in original).

A fact is "material" if proof of its existence or non-existence would affect the outcome of the lawsuit under the law applicable to the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Levendos v. Stern Entertainment, Inc.*, 860 F.2d 1227, 1233 (3d Cir.1988). An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2515; *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).

Once the moving party has satisfied its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, *see Childers v. Joseph*, 842 F.2d 689, 694 (3d Cir.1988), the non-moving party is required to go beyond the pleadings by way of affidavits, depositions, answers to interrogatories, etc., in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Under Pennsylvania's substantive law of issue preclusion or collateral estoppel, which this Court must look to in determining the effect of the Court of Common Pleas decision, *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir.1988), the Order of May 28, 1991, does not preclude plaintiff from contending that he was discharged because of his age. Under Pennsylvania law, a prior determination of a legal or factual issue is conclusive only if that determination was essential to the judgment. *O'Leary v. Liberty Mutual Insurance Co.*, 923 F.2d 1062, 1065–66 (3d Cir.1991); *Schubach v. Silver*, 461 Pa. 366, 377, 379, 336 A.2d 328, 334–35 (1975). Judge Leahey's opinion disposed of the issue of age discrimination on the alternate grounds that the state law procedural prerequisites had not been met and that non-discriminatory reasons existed for Dolence's discharge. Under those circumstances, if either ground were entitled to preclusive effect, it would be the narrower procedural one and not the disposition on the merits.

Defendant's second argument, that Dolence's claim is barred by the ADEA's 300-day statute of limitations because Dolence admits that his *de facto* termination took place in March, 1987,[2] is foreclosed by *Colgan v. Fisher Scientific Co.*, 935 F.2d 1407 (3d Cir.) (in banc), *cert. denied,* — U.S. ——, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991). Dolence's termination was January 11, 1988; his EEOC charge was filed on May 23, 1988.

■ Defendant Bank argues finally, that Dolence was discharged for nondiscriminatory reasons. The paradigm for analyzing Dolence's claim of age discrimination is the three-step burden shifting method of proof set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 897 (3d Cir.1987) (in banc). The Bank concedes for purposes of this motion that Dolence can establish a *prima facie* case of discrimination. The Bank has articulated nondiscriminatory reasons for discharging Dolence, which dispels the presumption that Dolence's discharge was due to consideration of his age. *Board of Trustees of Keene State College v. Sweeney,* 439 U.S. 24, 25 n. 2, 99 S.Ct. 295, 296 n. 2, 58 L.Ed.2d 216 (1978). Therefore, the question to be resolved is whether Dolence has produced enough evidence to allow a rational factfinder to conclude that the reasons articulated by the Bank for Dolence's discharge are pretextual. *See Colgan v. Fisher Scientific,* 935 F.2d at 1421–22; *Siegel v. Alpha Wire Corp.,* 894 F.2d 50, 55 (3d Cir.1990). A plaintiff may show that a defendant's proffered reason is a pretext for age discrimination either directly by providing evidence of an improper motive or indirectly by showing that the proffered reason is not credible. *Id.*

Defendant Bank alleges that in 1987 it suffered financial losses and was, in late 1987, projecting even greater losses for 1988. These facts led the Bank to adopt a plan in later 1987 calling for the elimination of ten positions, including two loan center manager positions. Komara affidavit. Plaintiff does not dispute the existence of the financial losses or the reduction in force plan, although he objects irrelevantly that the cause of the losses was the Bank's poor loan performance and not excessive labor costs. The reduction in force resulted in the termination of nine employees on January 11, 1988, and the transfer of 16 others. The ages of the employees terminated were 65, 58, 50 (Dolence), 43, 37, 37, 34, 29, and 24. Komara affidavit. This indicates no pattern of terminating older employees. Plaintiff does not dispute the basis for the other terminations, nor does he allege any pattern of age discrimination.[3]

From March, 1987 until January 1988, plaintiff was employed as the loan center manager of the Pleasant Valley Loan Center in Altoona. Dolence does not claim that his transfer to the Altoona office was discriminatory in fact; in fact, he insists that it was not an adverse incident. Declaration of John Dolence (Docket # 30, ¶ 21). While at the Altoona office, Dolence's immediate supervisor was William Wood, whose office was in the same building as Dolence. Wood Affidavit; Second Wood Affidavit.[4] In May, 1987, Wood had an interview with Dolence at which Wood

---

**2.** Defendant Bank attempts to exploit a statement by Dolence to the effect that when Dolence knew he was being transferred he knew he was "on his way out." Dolence attempts to have it both ways, by insisting that the transfer did not constitute an adverse event, but that at the same time it was discriminatory. Both characterizations reflect semantic gamesmanship and are rejected.

**3.** The Bank also states in its memorandum that during the past three years it has cut its workforce 24.1%, from 472 to 358, including 26 management positions, and has actually closed the entire Pleasant Valley Loan Center. These statements by counsel are not evidence, *Hack v. HVR Parts, Inc.,* 742 F.Supp. 283, 286 (W.D.Pa. 1990), *aff'd w/o op.,* 925 F.2d 417 (3d Cir.1991), because they are not submitted by affidavit or other evidentiary form.

**4.** The Wood Affidavit is Exhibit "D" to Defendant's Motion for Summary Judgment; the second Wood Affidavit is Exhibit "B" to Defendant's letter brief of April 8, 1991.

made several criticisms of Dolence's performance. Wood again met with Dolence in December 1987. According to Wood, some of Dolence's performance problems noted in the December 30, 1987 evaluation were the same as had been identified at the May 27, 1987 meeting.

Dolence disputes Wood's familiarity with his work and points out that an audit of the Pleasant Valley Loan Center conducted in August 1987 resulted in a satisfactory rating, Plaintiff's Response to Defendant's Motion for Summary Judgment, Exhibit "E", and that in October, 1987 the Pleasant Valley office was described as "well managed." Response, Exhibit "F". Dolence does not, however, dispute that the two specific factual occurrences noted by Wood took place. Wood noted that Jerry Sherer (or Sharer) appeared to be operating with too little oversight from Dolence. Response, Exhibit "G" (Wood Memo). Dolence admitted that he allowed the employee to operate with greater independence than Wood urged but argued that this was appropriate. Response, Exhibit "I"; Dolence deposition, 29–31. Cf. Wood deposition, 28. Dolence also did not dispute Wood's account of an incident in which Dolence asked a woman being interviewed for a job about her marital status and plans to have children. See Response, Exhibit "G", Wood Deposition, 22–23; Dolence's response to Wood's expression of concern that Dolence's questions could be perceived as indicating bias was only that he thought questions about marital status did not offend EEOC guidelines. Response, Exhibit "I".

Finally, Dolence does not dispute Wood's statement that when he evaluated Dolence

he was not aware that senior management had determined to implement a reduction in force, nor does Dolence dispute the assertion by Komara that the Bank implemented its reduction in force by neutral application of its plan which called essentially for discharging the employees in the positions slated for elimination unless their personnel evaluations were above average. Komara affidavit, ¶¶ 12–14, 21, 27–28. Dolence strenuously argues that Wood's evaluation is erroneous. Under prevailing precedent he has presented sufficient evidence to make this contention a genuinely disputed issue of fact. See Jackson v. University of Pittsburgh, 826 F.2d 230 (3d Cir.1987) (plaintiff's own testimony sufficient) cert. denied 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988). The issue of fact is not material, however, because Wood did not decide to reduce the number of bank employees, did not implement the reduction in force, and was not aware of the proposed reduction at the time of the evaluations. There is no linkage of the evaluation to any even indirect evidence of age bias.[5]

■ Dolence points to only one piece of evidence which touches on age: a conversation which Dolence alleges took place at an unspecified time with Paul Hunter, the Bank's Senior Vice President and Dolence's immediate supervisor before his transfer to the Pleasant Valley Loan Center. Dolence's superior allegedly told him "to get rid of these [two] old women," and Dolence remonstrated with him that the directive indicated an intent by bank officials to get rid of "all (of) us old-timers." Dolence deposition of December 14, 1990, 24.[6]

---

**5.** Plaintiff's position necessarily implies that the Act eliminates at will employment for employees over forty, and that if cause for the termination can be questioned in any way, there is an inference of age discrimination. Congress passed the Act to eliminate age discrimination, however, not to alter common law rules of at will employment.

**6.** While it is true that an employer may not discharge an employee for opposing an unlawful practice, 29 U.S.C. § 623(d), to advance even a *prima facie* case of retaliation, a plaintiff must show some evidentiary basis which would sup-

port a belief that the employer was engaging in an unlawful practice. See Miller v. Yellow Freight Systems, Inc., 758 F.Supp. 1074, 1079 (W.D.Pa.) aff'd w/o op. 941 F.2d 1202 (3d Cir. 1991). The record contains no evidence from which anyone could conclude that Dolence's assertion that he was terminated because he opposed age discrimination had a basis in fact. Dolence asserts only that he expressed opposition to Hunter's command to discharge two women under his supervision. This is insufficient to show that the employer was engaged in a violation of the ADEA, because a discharge, without more, is not a discriminatory act. See

This sort of "gut feeling" evidence, *Karazanos v. Navistar Int'l Transportation Corp.*, 948 F.2d 332, 337 (7th Cir.1991), is wholly insufficient to support an inference that Wood's evaluation was pretextual, that the reduction in force was a sham, or that the application of the reduction in force criteria to Dolence masked discrimination. The Courts of Appeals have frequently addressed this type of state of mind evidence. In *Siegel v. Alpha Wire Corp.*, 894 F.2d at 55, this circuit stated that although it was "a close one", *repeated* references to age by the decisionmaker responsible for evaluating the discharged employee, coupled with articulation of neutral reasons for the discharge only after suit was filed, could support an inference of pretext for age discrimination. By contrast, in *Frieze v. Boatmen's Bank of Belton,* 950 F.2d 538, 541 (8th Cir.1991), the Eighth Circuit emphasized that "a stray remark" by a nondecisionmaker was not probative of age discrimination. Here there is no claim that Wood, for all relevant purposes the decisionmaker, ever made comments evidencing any bias against older employees.

Plaintiff also states that during 1987 the Pleasant Valley office hired two additional employees (with unstated duties and salaries) and that his loan authority was increased. This is in no way inconsistent with the implementation in 1988 of a reduction in force.

Plaintiff argues that there were irregularities in his evaluation, specifically that his employee number was incorrect, that his anniversary date called for an evaluation in October, not November, that the evaluation lacked a necessary signature, and that contrary to Wood's statement, he neither became angry nor refused to sign his evaluation. None of these inconsistencies challenges the substance of the evaluation or the legitimacy of the reduction in force. It is true that if a decisionmaker's reasons for discharge are "riddled with blatant inconsistencies", *Perfetti v. First National Bank of Chicago*, 950 F.2d 449, 456 (7th Cir.1991); *see also Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1113 (2d Cir.1988) ("ridden with error"); *Mesnick v. General Electric Company*, 950 F.2d 816, 824 (1st Cir.1991) ("hard-to-swallow"); or even, in this Circuit "subject to factual dispute", *Chipollini v. Spencer Gifts*, 814 F.2d at 899, then an inference of pretext can be drawn. But to point to any picayune lapse from procedural perfection as evidence of age discrimination is to invite sheer speculation.

In summary, plaintiff argues that cases such as *Chipollini, Sorba v. Pennsylvania Drilling Co.*, 821 F.2d 200 (3d Cir.1987), and *Siegel* establish that any irregularity in defendant's evaluation procedures requires a jury to decide whether a defendant is by subterfuge concealing age discrimination. I believe those cases stand rather for the proposition that when the reasons for termination are capable of question, there is a genuine dispute over pretext. No such dispute appears in this record.

Summary judgment is entered for the defendant. The Clerk shall mark this matter CLOSED.

---

*Bellissimo v. Westinghouse Electric Corp.,* 764 F.2d 175, 180 (3d Cir.1985) ("A discharge is not *per se* disparate treatment. It violates Title VII's commands only if it is made on a basis that would not result in a discharge of a male employee.") Accepting Dolence's reasoning would lead to the equally absurd conclusion that Dolence had stated a Title VII retaliation claim simply because he opposed the firing of two employees who happened to be women. The record also contains no evidence that the conversation with Hunter had any effect on Wood's evaluation of Dolence or on the implementation of the reduction in force. *See Healy v. New York Life Insurance Co.,* 860 F.2d 1209, 1215–16 (3d Cir.1988) (mere temporal sequence insufficient to support inference of causation). Finally, Dolence's own testimony indicates that he opposed the discharges not because of his concern for the employees' ages, but because he thought they presaged a purge of "old-timers," regardless of their ages. To the extent that plaintiff asserts a retaliation cause of action, he fails even to make out a *prima facie* case.