Peter **BERNARD**, Plaintiff,

v.

**BETHENERGY MINES, INC.**, Defendant.

Civ. A. No. 92–535J.

United States District Court, W.D. Pennsylvania.

Nov. 3, 1993.

---

Randolph J. Bernard, Dayton, OH, Gary A. Jubas, Ebensburg, PA, for plaintiff.

Joseph Mack, III, Thorp, Reed & Armstrong, Pittsburgh, PA, for defendant.

## MEMORANDUM AND ORDER

D. BROOKS SMITH, District Judge.

Plaintiff Peter J. Bernard filed a complaint asserting causes of action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, as amended, and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, together with claims based on the common law torts of intentional infliction of emotional distress, *see* Restatement (2d) of Torts, § 46(1), and breach of the duty of good faith in a contractual relationship. Bernard's claims are premised on two events: first, he was laid off in a reduction in force at Bethenergy's Mine 33 in Ebensburg, Cambria County, in October, 1990; and second, when there was a rehiring for a position at the mine in June, 1991, Bernard was not hired for the position. Currently before the Court is defendant Bethenergy Mines Inc.'s (Bethenergy) motion for summary judgment, docket no. 14. Because there is no evidence of record such that a reasonable jury could return a verdict for the plaintiff, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), judgment must be entered for the defendant.

## I.

### A.

The legal standards applicable to ADEA claims at the summary judgment stage are well known to counsel, and have been set forth most recently in *McGough v. Bethenergy Mines, Inc.*, 837 F.Supp. 708 (W.D.Pa. 1993), a copy of which is attached to Bethenergy's Brief, docket no. 17. As both parties recognize, the parallel state age discrimination claim under the PHRA is analyzed using the same shifting—burdens analysis employed in ADEA claims, *Fairfield Township Volunteer Fire Co. No. 1 v. Commonwealth, PHRC*, 530 Pa. 441, 609 A.2d 804, 805 (1992); *Commonwealth, PHRC v. Johnstown Rede-velopment Authority*, 527 Pa. 71, 588 A.2d 497 (1991), and those two claims will be analyzed together.

### B.

■ The intentional infliction of emotional distress and breach of the duty of good faith in a contractual relationship claims have been withdrawn by the plaintiff. Plaintiff's Memorandum at 20, docket no. 21. Plaintiff states that he would make a claim for emotional distress, *id.* at 20 n. 14, but his claim, however denominated, can be dismissed without extensive discussion. The only intentional actions alleged by plaintiff are Bernard's layoff in 1990 and Bethenergy's failure to recall him to service in a different position in 1991. Plaintiff does not allege the kind of outrageous behavior the Pennsylvania state law tort would require, if in fact the Supreme Court of Pennsylvania were ever to authoritatively adopt Restatement of Torts (2d) § 46. *See Johnson v. Caparelli*, 425 Pa.Super. 404, 625 A.2d 668, 671 (1993) (collecting cases after *Kazatsky v. King David Memorial Park*, 515 Pa. 183, 527 A.2d 988 (1987)). Given the almost uniform denial by the Pennsylvania Superior Court of claims based on this cause of action, even on facts far more offensive than a simple layoff, *see e.g. Britt v. Chestnut Hill College*, 632 A.2d 557 (Pa.Super.1993); *Kryeski v. Schott Glass Technologies*, 426 Pa.Super. 105, 626 A.2d 595, 600 (1993), plaintiff does not even come close to stating an emotional distress claim. *See generally Parke v. Bethenergy Mines, Inc.*, 732 F.Supp. 587, 589–90 (W.D.Pa.1990).

■ As for the tort of breach of the duty of good faith in a contractual relationship, it simply is not part of Pennsylvania law. Even if the clear statement by the Superior Court in *Rutherfoord v. Presbyterian–University Hospital*, 417 Pa.Super. 316, 612 A.2d 500, 506 n. 6 (1992) ("[I]t is well-settled that no such cause of action is recognized in Pennsylvania") were to be ignored, recent precedent from the Court of Appeals for the Third Circuit would have compelled the dismissal of this count. *Parkway Garage, Inc. v. Philadelphia*, 5 F.3d 685 (3d Cir.1993) (reversing

jury award in favor of plaintiff on grounds that Pennsylvania does not recognize tort).

## II.

■ Before turning to the evidence, it is necessary to address a statute of limitations objection by Bethenergy to plaintiff's claim that his layoff violated ADEA. There is no dispute that plaintiff was laid off on October 5, 1990, Joint Pretrial Stip. at 3, and plaintiff has admitted in his deposition that he believed that his layoff was discriminatory at the time he received notice of the impending reduction in force at Bethenergy.[1] Bernard depo. 74–75, and Bernard depo. exhibit 3. Defendant's uncontradicted evidence is that Bethenergy gave notice of the layoff to Bernard on September 25, 1990 at the latest. McGuire affidavit, ¶ 12. Plaintiff's first complaint of discrimination was not even signed until August 3, 1991, a Saturday. Even assuming a filing date of Monday, August 5, 1991, plaintiff's administrative complaint was untimely. *See* 29 U.S.C. § 626(d)(2) (300 day time limit). Plaintiff is, therefore, precluded from any cause of action based on his termination.[2]

## III.

■ Plaintiff also asserts that Bethenergy discriminated against him on the basis of age by failing to hire him in May, 1991 as a plant foreman. It is not disputed that in April, 1991 Bethenergy sought to hire two plant foremen to fill two vacancies that had occurred as the result of retirement. McGuire affidavit, ¶ 16. Bernard applied for one of the positions, as did Ronald K. Riley, Thomas Sossong, James W. Carlisle, Ronald F. Davis, and George J. Tutko. Davis, with a date of birth of October 27, 1940, and Tutko, with a date of birth of April 17, 1944, were hired effective May 1, 1991. Bernard's date of birth is April 4, 1937. *See* Smith Affidavit Exhibit A (Davis personnel record); Exhibit B (Tutko personnel record); Plaintiff's Answers to Defendant's Request for Admissions Exhibit A (Bernard personnel record).

Disregarding all of the evidence concerning Davis and Tutko's superior qualifications, including Bernard's admission that "there's a few things ... that I would have been refreshed on," Bernard depo. at 70, while Bethenergy wanted experienced personnel who could step in without delay, Smith depo. at 42–44 and Smith depo. Exhibit 8, plaintiff fails to prove even a prima facie case of age discrimination.

The fourth element of a prima facie discrimination in hiring case under the ADEA is that a person "sufficiently younger to permit an inference of age discrimination," *Maxfield v. Sinclair International*, 766 F.2d 788, 793 (3d Cir.1985), *cert. denied*, 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986), received a job that plaintiff did not. Neither Tutko nor Davis, at ages 47 years and 50 years 6 months respectively, were significantly younger than Bernard, who was age 54. *See Maxfield, supra* (20 years difference is significant) *Cf. Hill v. Bethlehem Steel Corp.*, 729 F.Supp. 1071, 1074 n. 5 (E.D.Pa.1989) (3

1. As plaintiff points out, he later in his deposition attempted to withdraw this statement. *See* Plaintiff's Memorandum at 6–8, *quoting* Bernard depo. at 96–97, 110–12. The equivocations of a party at his deposition, after a luncheon recess, do not however create a material issue of fact over what was previously admitted. *See Mastalski v. Conrail*, C.A. No. 92–43J, 1993 WL 528435 (W.D.Pa. February 25, 1993), *aff'd w/o op.*, 8 F.3d 812 (3d Cir.1993).

2. Even if plaintiff's claim that his layoff was discriminatory were not time-barred, it would be dismissed for lack of supporting evidence sufficient to support even a prima facie case. There were two persons in Bernard's job category, maintenance foreman, at the time of the layoff. Bernard depo. at 69. When Bernard was laid off (strictly speaking Bernard accepted voluntary separation with a benefits package), the mainte-

nance foreman not laid off was *older* than Bernard. Plaintiff's belief that Bethenergy discriminated because there were younger foremen doing other jobs elsewhere in the mine who were not laid off, *see e.g.* Bernard depo, at 69–70, essentially is an assertion that the ADEA requires an employer to bump all employees in order of age regardless of job description or qualification. The ADEA, however, was passed to eliminate age discrimination, not to generally rewrite conditions of employment. *Dolence v. U.S. National Bank*, 797 F.Supp. 423, 426 n. 5 (W.D.Pa.), *aff'd w/o op.*, 975 F.2d 1549 (3d Cir.1992). It is generally recognized that absent a collective bargaining agreement there is no duty to transfer employees during a reduction in force for any reason. *See Ridenour v. Lawson Co.*, 791 F.2d 52, 57 (6th Cir.1986).

years and 6 years not significant) *aff'd w/o op.* 902 F.2d 1560 (3d Cir.1990).[3]

When an employer must choose between employees with significant amounts of experience for a supervisory position, it is not surprising that there will be a range of ages in the pool of applicants for the job. No uniform rule can be laid down that, for instance, 10 years is a significant age differential while 9 is not. The difference between a 62 year old and a 52 year old competing for a managerial slot during a reduction in force in an industry where careers tend to be rooted at one employer may be insignificant, while . the difference between a 49 year old and a 41 year old selected for a newly created sales position may be significant. As a matter of law it is generally accepted, however, that a 6 or 7 year difference is not significant at any position or age.[4]

Plaintiff's final attempt to prove a prima facie case, by claiming for the first time that he actually was replaced as a maintenance foreman by Riley and Hanlon, Plaintiff's Memorandum at 18, fails because there is no evidence that anyone replaced him. Plaintiff's sole basis for this last-gasp assertion is Thomas Sossong's deposition, Plaintiff's Memorandum at 16, 18, yet Sossong's statement ("Yes, they're all foremen. They're different foremen, I mean, but they're all foremen, right.") Sossong depo. at 7, cannot bear the construction plaintiff would put on it.

Judgment will be entered for the defendant. An appropriate order will follow.

### ORDER

AND NOW, this 3rd day of November, 1993, for the reasons contained in the foregoing Memorandum Order, summary judgment is entered for the defendant. The Clerk shall mark this matter closed.

---

3. Defendant's interpretation of this case, Defendant's brief at 24, is overbroad and not supported by the text of the opinion, 729 F.Supp. at 1075 ("I place very little significance on this statistical evidence").

4. In *Bruno v. W.B. Saunders Co.*, 882 F.2d 760 (3d Cir.1989) a divided panel of the Court of Appeals affirmed a finding of discrimination based on a 10 year disparity, significantly relying on the fact that the person ultimately chosen for the job was not in the protected class. Dictum in *Healy v. New York Life Ins. Co.*, 860 F.2d 1209, 1214 (3d Cir.1988) (granting summary judgment on other grounds) assumed that 9 years differ-

ence was significant. Decisions from other courts of appeals finding the age differential to be significant enough to establish the fourth element of a *prima facie* case typically involve ranges well in excess of 10 years. *See e.g. Adkins v. Safeway, Inc.*, 985 F.2d 1101 (D.C.Cir.1993) (8 years' difference between average ages of two groups not significant); *Bingman v. Natkin & Co.*, 937 F.2d 553 (10th Cir.1991) (difference in excess of 25 years significant). The dictum plaintiff cites from *Tozzi v. Union R. Co.*, 722 F.Supp. 1236, 1240 (W.D.Pa.1989) is neither authoritative nor persuasive.